**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1724**

LARRY D. BEVERLY; ADA R. WILSON,

        Plaintiffs - Appellants,

    v.

XAVIER BECERRA, Secretary, U.S. Department of Health and Human Services,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Stephanie D. Thacker, Circuit Judge, sitting by designation.  (8:18-cv-02697-SDT)

Submitted:  February 24, 2022                Decided:  March 4, 2022

Before AGEE and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Nathaniel D. Johnson, Waldorf, Maryland, for Appellants.  Robert K. Hur, United States Attorney, Molissa H. Farber, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry D. Beverly and Ada R. Wilson filed a civil action against Alex M. Azar,[*] Secretary of the United States Department of Health and Human Services, alleging employment discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17. Specifically, Beverly alleged race discrimination and retaliation for participating in protected activities, and Wilson alleged race and gender discrimination and retaliation for participating in protected activities. The district court granted Azar's motion for summary judgment and denied Beverly and Wilson's Fed. R. Civ. P. 59(e) motion for reconsideration. We affirm.

"We review an award of summary judgment *de novo*." *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223 (4th Cir. 2019). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). In reviewing the propriety of granting summary judgment, we consider the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See id.*

On appeal, Beverly and Wilson contend that the district court erred in rejecting their Title VII discrimination and retaliation claims, arguing that they established prima facie cases and pretext under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "Title VII forbids (i) employment practices that discriminate against an employee on the basis of race, color, religion, sex, or national origin . . . and (ii) retaliation against an employee for

_____

[*] During the pendency of this appeal, Azar was replaced by Xavier Becerra.

2

opposing adverse actions that she [or he] reasonably suspects to be unlawful under Title VII." *Strothers v. City of Laurel*, 895 F.3d 317, 326-27 (4th Cir. 2018) (citations omitted). Where, as here, a plaintiff does not allege direct evidence of discrimination, a plaintiff asserting discriminatory treatment under Title VII "may avoid summary judgment by proceeding under the burden-shifting framework established in [*McDonnell Douglas*]." *Haynes*, 922 F.3d at 223.

Pursuant to *McDonnell Douglas*, "the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *see McDonnell Douglas Corp.*, 411 U.S. at 802. "A prima facie case of retaliation requires proof that: (1) the plaintiff engaged in protected activity, (2) she [or he] suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action." *Ray v. Int'l Paper Co.*, 909 F.3d 661, 669 (4th Cir. 2018).

If the plaintiff establishes a prima facie case of discrimination or retaliation, then the burden of production shifts to the employer to articulate a legitimate nondiscriminatory or nonretaliatory justification for its action. *Haynes*, 922 F.3d at 223. If the employer satisfies this burden, then the plaintiff must prove by a preponderance of the evidence that the employer's purportedly neutral reasons were a pretext for discrimination or retaliation. *Id.* We have reviewed the record and conclude that the district court did not err in finding that neither Beverly nor Wilson established a prima facie case of discrimination and that,

3

even assuming they established a prima facie case of retaliation, they did not show that a reasonable trier of fact could find that Defendant's legitimate reasons for suspending Beverly and terminating Wilson's employment were pretextual.

Beverly and Wilson further argue that their supervisor was not authorized to act in a supervisory role, and they assert that the district court erred in declining to determine whether his supervisory actions were, thus, "ultra vires," illegal, and void. The district court properly determined that the question of whether their supervisor had authority to supervise Beverly and Wilson is irrelevant to the summary judgment determination, as they failed to satisfactorily perform their jobs regardless of whether Defendant complied with supervisory protocols. In addition, even assuming Defendant violated internal policies, regulations, or statutes regarding supervisory authority, Appellants failed to show that such was evidence of discrimination or retaliation.

Beverly and Wilson also contend that the district court erred in denying their Fed. R. Civ. P. 56(d) motion for discovery. Rule 56(d) permits a court to defer or deny a motion for summary judgment to allow additional discovery if the nonmovant declares "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "The rule mandates that summary judgment be postponed when the nonmovant has not had the opportunity to discover information that is essential to his opposition." *Hodgin v. UTC Fire and Sec. Americas Corp., Inc.*, 885 F.3d 243, 250 (4th Cir. 2018) (cleaned up). "However, a court may deny a Rule 56(d) motion when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment." *Id.* (internal quotation marks omitted). Upon review of the record, we conclude that the

4

district court did not abuse its discretion in denying the motion, as Beverly and Wilson fail to show that the district court misapplied the law in denying their Rule 56(d) motion for discovery.

Accordingly, we affirm the district court's orders. *Beverly v. Azar*, No. 8:18-cv-02697-SDT (D. Md. Dec. 19, 2019 & Feb. 14, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*